UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/Respondent,<br><br>v.<br><br>DEJUAN PERDUE,<br><br>  Defendant/Petitioner. | Case No. 2:18-cr-20323-SFC-APP-8<br><br>Sean F. Cox<br>United States District Court Judge |

## OPINION & ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Dejuan Perdue pleaded guilty to conspiracy to distribute heroin. He now moves pro se to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained below, the Court DENIES Perdue's motion and declines to issue a certificate of appealability.

### BACKGROUND

Perdue was one of 14 individuals charged with crimes as part of a drug trafficking organization that distributed fentanyl-laced heroin. (ECF No. 110.) Pursuant to a Rule 11 Plea Agreement, on April 16, 2019, Perdue pleaded guilty to Count One of the indictment, which charged conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. (ECF No. 211.) According to the plea agreement (*id.* at PageID.680):

> The defendant, Dejuan Perdue, agreed with other co-defendants, including Sedrick Jackson and Eden Adriano Galvez, to distribute and possess with intent to distribute controlled substances, including heroin. Between 2016 and 2017, Perdue purchased at least one kilogram of heroin from Adriano Galvez. Perdue sold the heroin he purchased from Adriano Galvez to his customers in the Detroit and/or Lexington, Kentucky area. Perdue agrees that some overt acts of the conspiracy occurred in the Eastern District of Michigan, including delivery of drugs from and/or money to Adriano Galvez or his couriers.

In the plea agreement, the parties calculated Perdue's sentencing guideline range as 262–327 months. (*Id.* at PageID.681.) The calculation included an enhancement because Perdue qualified as a Career Offender under § 4B1.1(a) of the Sentencing Guidelines. (*Id.* at PageID.694.) Perdue had two prior felony convictions for controlled substance offenses: first-degree trafficking in controlled substances and conspiracy to possess with intent to distribute cocaine. (*Id.* at PageID.692.) In the plea agreement, the parties agreed that Perdue's mandatory minimum sentence would be 10 years. (*Id.* at PageID.682.) The government did not seek to increase the mandatory minimum to 25 years under 21 U.S.C. § 841(b)(1)(A).[1] (*Id.*) The Rule 11 Agreement contained an appeal waiver that provided that "Defendant waives any right he may have to appeal his conviction on any grounds" as long as his sentence "does not exceed 327 months." (*Id.* at PageID.685.) But that waiver "does not bar filing a claim of ineffective assistance of counsel." (*Id.* at PageID.686.)

This Court held a sentencing hearing on November 22, 2019. After accepting the Rule 11 Plea Agreement, the Court sentenced Perdue to be imprisoned for a term of 180 months. (ECF No. 349, PageID.1942.)

## ANALYSIS

Perdue's Motion to Vacate is brought pursuant to 28 U.S.C. § 2255, which states in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[1] "If any person commits a violation," including trafficking "1 kilogram or more of a mixture or substance containing a detectable amount of heroin . . . after 2 or more prior convictions for a serious drug felony . . . such person shall be sentenced to a term of imprisonment of not less than 25 years."

move the court which imposed the sentence to vacate, set aside or correct the sentence.

His motion alleges ineffective assistance of counsel. Such claims can be an appropriate basis for relief under § 2255. *See United States v. Caver*, 470 F.3d 220, 250 (6th Cir. 2006). To establish ineffective assistance, Perdue must demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The sole error alleged by Perdue relates to a Sixth Circuit decision from June 2019. That case held that "attempt crimes do not qualify as controlled substance offenses" for the purposes of the career-offender sentencing guidelines. *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam); *see also United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020) (holding that conspiracy to distribute controlled substances likewise does not qualify as a "controlled substance offense" under the guidelines). So, as the government now concedes, Perdue's conviction for conspiracy to possess with intent to distribute cocaine did not qualify as a controlled substance offense for the purposes of the career-offended provision. Perdue argues that his counsel provided ineffective assistance by not objecting to his sentencing for this reason.

But such an argument was already rejected in part by *Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019). Like here, the petitioner argued that "his attorney did not object when the district court labeled him a career offender" at sentencing. *See Bullard*, 937 F.3d at 661. The Sixth Circuit has "repeatedly held that counsel is not ineffective for failing to predict developments in the law." *Id.* (quoting *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018)). In this case, *Havis* had not been decided by the time of Perdue's plea negotiations or hearing. So Perdue's

counsel was not ineffective for "failing to predict" that the career-offender standard would change. *See id.* To be sure, the Sixth Circuit had decided *Havis* by the time that this Court held a sentencing hearing for Perdue. And Perdue's counsel failed to object. The question is whether that decision at the sentencing hearing constituted ineffective assistance of counsel.

The Court holds that counsel's performance was not deficient and that, even if otherwise, Perdue was not prejudiced. To succeed on his ineffective assistance of counsel claim, Perdue must establish that (1) trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. First, Perdue's counsel plainly was not deficient because the plea agreement prohibited her from arguing that Perdue was not a career offender. (ECF No. 211, PageID.681.) As the plea agreement stated, "the only reason" Perdue could have withdrawn his guilty plea was if the Court imposed a sentence greater than 327 months. (*Id.* at PageID.685.) Instead, Perdue received a sentence of 180 months' imprisonment. Second, Perdue cannot demonstrate prejudice. Even had Perdue withdrawn from his plea agreement, the government again would have been free to pursue a minimum sentence of 25 years based on Perdue's two prior convictions for serious drug felonies. So he has not shown a reasonable probability that his sentence would have been lower had his counsel performed differently.

## CONCLUSION

In sum, Perdue cannot show that he was denied his Sixth Amendment right to the effective assistance of counsel. For the reasons set forth above, IT IS ORDERED that Perdue's § 2255 Motion is DENIED. It is FURTHER ORDERED that the Court declines to issue a certificate of

appealability because this Court concludes that reasonable jurists would not find the Court's assessment of Perdue's claims debatable or wrong.

        SO ORDERED.

Dated: April 20, 2021                          s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge